UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LOREN GRAY,

        Petitioner,        Case No. 1:06-cv-611

v.        Honorable Gordon J. Quist

THOMAS BELL,

        Respondent.
_____/

**REPORT AND RECOMMENDATION**

        This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, I recommend that the petition be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I.        Factual Allegations

Petitioner is currently incarcerated by the Michigan Department of Corrections at the Carson City Correctional Facility. Petitioner was charged in the Marquette County Circuit Court with six counts of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b, and one charge of second-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520c, for the sexual abuse of his stepdaughter. Pet. Br. at 2. The charged crimes occurred between 1994 and 2000. *Id*.

In 2004, Petitioner executed a written plea agreement in which he agreed to plead guilty to one count of first-degree criminal sexual conduct in exchange for the prosecution's agreement to drop the six remaining criminal sexual conduct charges against him. *Id*. In the plea agreement, the prosecution "guaranteed" it would "enforce compliance" with the 1999 sentencing guidelines, which set a 51-85-month range for first-degree criminal sexual conduct. Pet. Br. at 2, 3. Petitioner contends that by accepting Petitioner's guilty plea the trial court "stipulated" that the 1999 sentencing guidelines would apply; and that if the court departed from the prosecution's sentence recommendation, Petitioner would have an opportunity to withdraw his plea. *Id*.

On April 16, 2005, the trial court sentenced Petitioner to 132-240 months' incarceration. Pet. Br. Ex. 2. Pursuant to Michigan law allowing for an upward sentencing departure, the court stated on the record that the 1999 guidelines did not account for certain aspects of Petitioner's abuse of his victim, namely, the number of sexual penetrations that began when the victim was about six years old and continued for four to six years; the psychological impact on the victim and her family; and the fact Petitioner is "probably a danger to children." *Id*. at 17-19.

Petitioner filed a direct appeal in the Michigan Court of Appeals alleging, *inter alia*, that the trial court improperly departed upward from the 51-85 month range in the 1999 sentencing guidelines. On September 6, 2005, the court of appeals affirmed his convictions and sentence, stating that although some of the trial court's reasons for upwardly departing "are either not objective and verifiable or are already adequately taken into account in the guidelines." The court was nonetheless persuaded after reviewing the record that "the trial court would have departed to the same degree on the basis of the remaining substantial and compelling reasons for departure articulated by the trial court." Mich. Ct. App. No. 262512, 9/6/05 Order, Docket #16. The Michigan Supreme Court denied leave to appeal on December 27, 2005, and Petitioner sought no further appellate review.

In his *pro se* application for habeas corpus, Petitioner alleges that the trial court violated his constitutional rights when it sentenced him to 132-240 months' imprisonment. He argues that the sentence is an improper upward departure from the 51-85 month range in the 1999 guidelines because it was based on "supposition," "guess work," and facts Petitioner did not admit in his plea; and the sentence furthermore contravenes the court's agreement to sentence Petitioner under the 1999 guidelines. Petitioner further argues that the trial court based its upward departure on judicial fact-finding regarding matters Petitioner disputed; and that the 1999 guidelines had in fact already taken those matters into account. Pet. Br. at 5-6. Petitioner asks this court to issue both an order granting a writ of habeas corpus unless the circuit court resentences him within the 1999 guidelines range; and/or a writ of habeas corpus.

       II.       Failure to Raise a Meritorious Federal Claim

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA).  *See Penry v. Johnson*, 532 U.S. 782, 791 (2001).  The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law.  *Bell v. Cone*, 535 U.S. 685, 693-94 (2002).  The AEDPA has "drastically changed" the nature of habeas review.  *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."   28 U.S.C. § 2254(d).

Petitioner argues that his sentence is contrary to clearly established federal law as determined by the United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004).[1] In *Blakely*, the Supreme Court held that a Washington trial court violated the defendant's Sixth Amendment right to a trial by jury when it raised the defendant's maximum sentence from 53 months to 90 months based on a judicial determination that the defendant had acted with "deliberate cruelty."  542 U.S. at 300.  Washington's mandatory sentencing scheme allowed for an upward departure from the maximum where the sentencing court found facts other than those used in computing the standard sentence range.  542 U.S. at 299-300.  The *Blakely* court held that the

---

[1] Petitioner also bases his claims on *United States v. Booker*, 543 U.S. 220 (2005), which held that federal sentencing guidelines are subject to jury trial requirements of the Sixth Amendment.  Because the *Blakely* Court applied the *Booker* analysis to state sentencing guidelines and state guidelines are at issue here, I addressed Petitioner's arguments under *Blakely* rather than *Booker*.

Washington trial court violated the defendant's Sixth Amendment right to a jury trial; and that the "statutory maximum" within Washington's determinate sentencing scheme is the maximum the court may impose *without* any additional judicial fact finding. 542 U.S. at 303-04 (emphasis added).

As an initial matter, I note that Petitioner's reliance on *Blakely* is misplaced. The Sixth Amendment concerns raised in *Blakely* are not implicated by Michigan's indeterminate sentencing scheme, which, unlike Washington's determinate scheme, *allows* for judicial discretion in imposing a sentence within a statutory range. *Blakely*, 542 U.S. at 308-09. Because Michigan judicial fact-finding does not impose punishment beyond the maximum supported by the jury's verdict, it does not infringe on the province of a jury. *Id.; see also Pettiway v. Palmer*, No. 1:06-cv-132, 2006 WL 1430062, at *1 (W.D. Mich. May 23, 2006); *Stanley v. Jones,* No. 1:06-cv-49, 2006 WL 1459832, at *2 (W.D. Mich. May 23, 2006); *George v. Burt,* No. 2:04-cv-74968, 2006 WL 156396, at *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee,* No. 2:04-cv-73695, 2005 WL 1343060, at *3 (E.D. Mich. June 1, 2005).[2]

Moreover, Petitioner's claims are not cognizable in a habeas corpus action because they are based entirely on state law. The Michigan Court of Appeals held that the trial court was within its statutory authority to depart from the guidelines range based on the "substantial and compelling reasons" it articulated at sentencing. Because he finds fault with the trial court's sentence, which was authorized by Michigan state statute, Petitioner fails to state a federal claim cognizable by the AEDPA. As a result, he is not entitled to habeas relief.

---

[2] The Michigan Supreme Court also recently acknowledged that the Sixth Amendment concerns raised in *Blakely* are not implicated by Michigan's indeterminate sentencing scheme. *See People v. Drohan*, 715 N.W.2d 778, 789-91 (Mich. 2006).

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be summarily dismissed pursuant to Rule 4 because it does not raise a meritorious federal claim as required by 28 U.S.C. § 2254(a). I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  September 14, 2006             /s/ Hugh W. Brenneman, Jr.
                                       Hugh W. Brenneman, Jr.
                                       United States Magistrate Judge



**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).